Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50368 | **DATE** | 12/3/2002 |
| **CASE TITLE** | Purifoy vs. U.S.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Purifoy's motion under 28 U.S.C. § 2255

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, petitioner's motion under 28 U.S.C. § 2255 is denied. The court also gives petitioner leave to file his "special circumstances reply to respondent's response in opposition to petitioner's motion pursuant to 28 U.S.C. § 2255." This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | DEC - 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 12-3-02 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | 2002 DEC -3 PH 2:38 Date/time received in central Clerk's Office | aw mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Defendant-petitioner, Donnie Ray Purifoy, a federal prisoner who pleaded guilty to and was sentenced by this court on a single count of distributing approximately 65 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Although Purifoy has raised a number of arguments in his § 2255 motion, most of them revolve around one central issue: an alleged "cooperation agreement" entered into between Purifoy and the Drug Enforcement Administration ("DEA") in which, according to Purifoy, he agreed to cooperate with the government and the government, in turn, agreed not to prosecute him. Purifoy claims he signed this agreement the same day the DEA executed a search warrant at his home, seven months before the government charged him in case no. 01 CR 50010.

Based on an appellate waiver clause in his plea agreement, the government initially argues Purifoy has waived his right to bring the present § 2255 motion, except as to his claims that his guilty plea was involuntary or his counsel was ineffective. By its own terms, however, the waiver applies only if Purifoy challenges "his sentence or the manner in which it was determined," *not*, as the Seventh Circuit has explained with respect to a similar appellate waiver clause, his underlying conviction or guilty plea. See Bridgeman v. United States, 229 F.3d 589, 591-92 (7th Cir. 2000).

Although the court thus finds the appellate waiver clause does not act as a waiver for most of Purifoy's arguments relating to the cooperation agreement, as they all (with the exception of one, as discussed below) have nothing to do with his sentence, it does find these arguments are belied by the record. During the Rule 11 plea colloquy, the court asked Purifoy, among other things, the following questions: "And are all the promises that you made contained – and the government made – contained in the [plea] agreement? There's no side promises?" Purifoy, while under oath, answered, "No, your Honor." (Doc. No. 33, Rule 11 hearing, p. 11) Later on during the plea hearing the court repeated the same question: "And the only promises are contained in the plea agreement?" Purifoy answered, "Yes, your Honor." (Id. p. 24) Because admissions like these made under oath during a change of plea hearing are presumed truthful and are binding on a defendant, including for purposes of a § 2255 motion, the court is entitled to rely on Purifoy's sworn testimony at the plea colloquy. See Bridgeman, 229 F.3d at 592 (§ 2255 motion); United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999); United States v. Gwiazdzinski, 141 F.3d 784, 788 (7th Cir.), cert. denied sub nom. Dreyer v. United States, 525 U.S. 880 (1998). If the DEA had indeed promised not to prosecute Purifoy in exchange for his cooperation (assuming it even had the power to do so), Purifoy was given ample opportunity to make that known during the Rule 11 hearing. He did not. Instead, he twice confirmed the government made no promises to him other than those contained in the plea agreement. This directly contradicts Purifoy's theory now about a supposed cooperation agreement between him and the DEA.

As evidence of this agreement, Purifoy suggests the government itself alluded to it at his sentencing hearing, when the AUSA made a motion for a downward departure based on Purifoy's substantial assistance and cooperation with the DEA, including giving a proffer of his testimony regarding one of his suppliers, conducting recorded meetings with the supplier, and making controlled purchases of crack cocaine. (Doc. No. 34, Sentencing Hearing, pp. 11-12) Purifoy also says that paragraph 6(a) of his plea agreement (Doc. No. 11), which is a stipulation that Purifoy bought and then distributed 500 grams of crack cocaine, was taken directly from the cooperation agreement. None of this, however, comes close to proving the government gave Purifoy immunity in exchange for his cooperation. While Purifoy may believe he received such immunity, he has simply failed to provide any credible evidence from which the court could reasonably infer the existence of a promise not to prosecute. Purifoy's mere self-serving and unsupported assertions to that effect are simply not enough on a § 2255 motion. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). This is especially so when those assertions directly contradict his sworn testimony at the plea colloquy, testimony that unequivocally shows he was not promised anything other than what was contained in the plea agreement.

Without evidence that the cooperation agreement existed in the first place, many of Purifoy's arguments on his § 2255 motion necessarily fall by the wayside: that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing the cooperation agreement,[1] his counsel was ineffective by not conducting any pretrial investigation into the cooperation agreement, the government breached the agreement by charging him,[2] and he would not have pled guilty had the cooperation agreement been disclosed. Purifoy also argues that the stipulation as to certain relevant conduct recited in paragraph 6(a) of the plea agreement (Doc. No. 11) violates U.S.S.G. § 1B1.8, which prohibits self-incriminating information obtained as part of a cooperation agreement from being used against the defendant to determine the defendant's guideline range. Once again, though, because there is no credible evidence of such a cooperation agreement, Purifoy's argument has no factual basis. Moreover, § 1B1.8 does not prohibit the use of such information "to the extent provided in the [plea] agreement." In any event, this is just the sort of issue that falls directly within the scope of the appellate waiver clause in Purifoy's plea agreement, as it goes directly to his "sentence or the manner in which it was determined."

To the extent Purifoy challenges, apart from the cooperation agreement issue, the voluntariness of his guilty plea or the effectiveness of his counsel in advising him to either plead guilty or accept a plea agreement with a complete appellate waiver clause, such claims are similarly contradicted by the Rule 11 hearing. During the plea colloquy, Purifoy repeatedly acknowledged he had gone over the plea agreement with his lawyer, understood its terms, and was satisfied with his lawyer's services. (Doc. No. 33, Rule 11 Hearing, pp. 6-9) Purifoy also specifically said he understood what rights he was giving up, including his appellate rights (both direct and collateral), as well as the concessions he was getting in return from the government as to his sentence. (Id., pp. 10, 16-17, 19-24) Indeed, the plea agreement relieved Purifoy from a statutory mandatory life sentence because of his criminal history category. (Doc. No. 11, Plea Agreement, ¶¶ 7(f), (g)) Once again, given Purifoy's admissions during the Rule 11 hearing and the favorable terms of the plea agreement itself, the court finds Purifoy's claims of ineffectiveness and involuntariness based on the guilty plea are belied by the record. See United States v. Hodges, 259 F.3d 655, 659-60 (7th Cir. 2001); United States v. Standiford, 148 F.3d 864, 868-70 (7th Cir. 1998).

Purifoy also claims his counsel was ineffective by waiving the preliminary hearing, but he has not shown how he was prejudiced by being held for the short period of time from March 27, 2001 when he waived the preliminary hearing to April 9, 2001 when he pleaded guilty. In an unrelated point, Purifoy argues the government violated the Speedy Trial Act by waiting seven months to charge him after the DEA searched his house. But because Purifoy did not raise this issue before his guilty plea, he has waived it. See United States v. Alvarez, 860 F.2d 801, 821 (7th Cir. 1988), cert. denied sub nom. Holguin v. United States, 493 U.S. 829 (1989); 18 U.S.C. § 3162(a)(2). Moreover, Purifoy himself admits he was not in custody or even charged until the government filed the information on March 6, 2001, so the Speedy Trial Act clock would not even have begun until then. Finally, Purifoy claims his counsel was ineffective in prosecuting his direct appeal but once again there is no evidence of any prejudice, especially since the Seventh Circuit fully considered his appeal in an unpublished order.

For the reasons stated above, Purifoy's § 2255 motion is denied without hearing.

---

[1] Another reason for rejecting this argument is that, assuming it did in fact exist, Purifoy cannot insist the government violated Brady when he obviously knew about the cooperation agreement on his own. See United States v. Morris, 80 F.3d 1151, 1170 (7th Cir.), cert. denied, 519 U.S. 868 (1996).

[2] Another reason for rejecting *this* argument is that, as one court of appeals has explained, a valid guilty plea prevents the defendant from arguing on a § 2255 motion that the government violated an informal immunity agreement. See United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United States of America

v.

Donnie Ray Purifoy

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50368

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that petitioner's motion under 28 U.S.C. § 2255 is denied. The court also gives petitioner leave to file his "special circumstances reply to respondent's response in opposition to petitioner's motion pursuant to 28 U.S.C. § 2255." This case is dismissed in its entirety.

FILED
2002 DEC -3 PH 2:38
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 12/3/2002

Susan M. Wessman, Deputy Clerk